**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001021
16-JUN-2014
08:07 AM**

NO. CAAP-11-0001021

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the Arbitration Between
UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,
Union-Appellant,
v.
STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES,
HAWAII YOUTH CORRECTIONAL FACILITY (2011-027),
Employer-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 11-1-0549)

MEMORANDUM OPINION
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Appellant United Public Workers, AFSCME, Local 646,
AFL-CIO ("UPW") appeals from the November 25, 2011 Order Granting
Employer's Motion to Confirm Arbitrator Thomas E. Crowley's
Arbitration Decision and Award Dated November 15, 2010, Filed on
September 20, 2011; the November 25, 2011 Judgment; and the
November 25, 2011 Notice of Entry of Judgment entered in the
Circuit Court of the First Circuit ("Circuit Court").[1]

I. Background

On May 14, 2009, UPW submitted a grievance on behalf of
Richard Condon ("Condon"), challenging whether Condon had been
discharged by Appellee State of Hawaii, Department of Human
Services, Hawaii Youth Correctional Facility ("DHS") for just and
proper cause based on the allegations that he had used excessive
force against two wards while he was a youth corrections officer

---

[1]     The Honorable Rhonda A. Nishimura presided.

at the Hawaii Youth Correctional Facility. On May 26, 2009, UPW submitted a separate grievance contending that DHS failed to respond in a timely manner to UPW's information requests. DHS denied both grievances.

An arbitration hearing was held on the grievances. The Arbitration Decision and Award dated November 12, 2010 ("Decision") held in favor of DHS, dismissed the grievances, and sustained Condon's termination. On September 20, 2011, DHS initiated proceedings in the Circuit Court by filing a motion to confirm Arbitrator Thomas E. Crowley's Decision ("Motion to Confirm"). The Motion to Confirm asked the court for an order confirming the Decision pursuant to Hawaii Revised Statutes ("HRS") § 658A-22[2/] and for a judgment pursuant to HRS § 658A-25.[3/]

On October 26, 2011, UPW filed a special appearance to oppose the Motion to Confirm ("Special Appearance"). UPW argued that the Circuit Court lacked jurisdiction due to improper service of process because the Motion to Confirm had not been served "in the manner provided by law for the service of a summons in a civil action[.]" *See* HAW. REV. STAT. § 658A-5(b) (Supp. 2011). UPW presented evidence that it had not been served in accordance with either Hawai'i Rules of Civil Procedure ("HRCP") Rule 4[4/] or Rules of the Circuit Court of the State of

---

[2/] HRS § 658A-22 states:

> **Confirmation of Award.** After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

HAW. REV. STAT. § 658A-22 (Supp. 2013).

[3/] HRS § 658A-25(a) states, in part: "Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity therewith. . . ." HAW. REV. STAT. § 658A-25(a) (Supp. 2013).

[4/] HRCP Rule 4 provides, in part:

**PROCESS.**

(a) **Summons; Issuance.** Upon the filing of the

(continued...)

Hawaiʻi ("RCCH") Rule 5.⁵/

---

⁴/(...continued)
complaint the clerk shall forthwith issue a summons. Plaintiff shall deliver the compolaint and summons for service to a person authorized to serve process. Upon request of the plaintiff separate or additional summons shall issue against any defendants.

. . . .

(c) **Same: By Whom Served.** Service of all process shall be made: (1) anywhere in the State by the sheriff or the sheriff's deputy, by some other person specially appointed by the court for that purpose, or by any person who is not a party and is not less than 18 years of age; or (2) in any county by the chief of police or the chief's duly authorized subordinate. A subpoena, however, may be served as provided in Rule 45.

(d) **Same: Personal Service.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an infant or an incompetent person, (A) by delivering a copy of the summons and of the complaint to the individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or (B) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

. . . .

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

. . . .

(8) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute.

Haw. R. Civ. P. 4 (2012).

⁵/     **SERVICE OF PAPERS AND PROOF THEREOF.**

(a) **Service required.** In all civil actions, pleadings and papers shall be served as provided in the Hawaiʻi Rules of Civil Procedure.

(b) **Proof of service.** Proof of service may be by written acknowledgment of service, by affidavit of the
(continued...)

In response, DHS argued that UPW had "waived any objection to service via motion by accepting service via motion in a case involving the same parties and the same grievant[,]" referring to a motion to confirm filed in a separate case in 2009.

At a hearing held on November 2, 2011, the Circuit Court held that under HRS chapter 658, a party moving to confirm an arbitration award was not required to serve notice of such a motion via a summons. The Circuit Court stated:

> the Court will treat this in terms of *the regular practice that had transpired under chapter 658* in terms of filing a motion to confirm an arbitration award. And in looking at some of the comments that underlie or underpin the Uniform Arbitration Act, it was not meant to supersede the practice that had been done previously.

(Emphasis added.) The Circuit Court granted the Motion to Confirm and entered judgment in DHS's favor.

## II. Points of Error

On appeal, UPW argues that the Circuit Court erred by (1) applying provisions from a repealed statute, HRS chapter 658, rather than a statute still in effect, HRS chapter 658A; (2) disregarding the plain and unambiguous language of HRS § 658A-5(b); (3) failing to require compliance with HRCP Rule 4 and RCCH Rule 5; and (4) granting the Motion to Confirm without personal jurisdiction over UPW or Condon.

## III. Standard of Review

Statutory Interpretation

"'Statutory interpretation is a question of law reviewable de novo.'" *Kaleikini v. Yoshioka*, 128 Hawai'i 53, 67,

---

[5]/(...continued)
person making service, or by any other proof satisfactory to the court, unless otherwise provided by law or by the Hawai'i Rules of Civil Procedure. A party who has been prejudiced by failure to receive due notice or to be served, or who has been prejudiced by reason that service was made by mail, may apply to the court for appropriate relief.

R. Cir. Ct. Haw. 5 (1971).

283 P.3d 60, 74 (2012) (quoting *State v. Wheeler*, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009)).

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

*Riethbrock v. Lange*, 128 Hawaiʻi 1, 11, 282 P.3d 543, 553 (2012) (quoting *Citizens Against Reckless Dev. v. Zoning Bd. Of Appeals of the City & Cnty. of Honolulu*, 114 Hawaiʻi 184, 193, 159 P.3d 143, 152 (2007)).

IV. Discussion

    A.    The Circuit Court erred in failing to enforce the requirements for service of "an initial motion" under HRS § 658A-5(b).

    We agree with UPW that the Circuit Court clearly erred in not applying the plain language of HRS § 658A-5(b).

> When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature which is to be obtained primarily from the language contained in the statute itself. We must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose. When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute an ambiguity exists. . . .

*Kanahele v. Maui Cnty. Council*, 130 Hawaiʻi 228, 244, 307 P.3d 1174, 1190 (2013) (emphasis removed) (quoting *Franks v. City & Cnty. of Honolulu*, 74 Haw. 328, 334-35, 843 P.2d 668, 671-72 (1993)). "If we determine, based on the foregoing rules of statutory construction, that the legislature has unambiguously spoken on the matter in question, then our inquiry ends." *Id.* (quoting *In re Water Use Permit Applications*, 94 Hawaiʻi 97, 144, 9 P.3d 409, 456 (2000)) (internal quotation marks omitted).

    Service requirements under HRS § 658A-5, entitled "Application for judicial relief," are unambiguous. The statute states, in relevant part:

> (b) Unless a civil action involving the agreement to
> arbitrate is pending, notice of *an initial motion to the*
> *court under this chapter shall be served in the manner*
> *provided by law for the service of a summons in a civil*
> *action.* Otherwise, notice of the motion shall be given in
> the manner provided by law or rule of court for serving
> motions in pending cases.

HAW. REV. STAT. § 658A-5(b) (Supp. 2013) (emphasis added). That
is, if a civil case involving an agreement to arbitrate is
already pending — for instance, if the circuit court granted an
earlier motion to compel arbitration and stayed proceedings — a
notice of motion shall be served as other motions in pending
cases. If, however, a motion brought under Chapter 658A
*initiates* a civil case — functioning like a complaint — then it
must be personally served. *Id.*; *see* Haw. R. Civ. P. 4.

Here, the Motion to Confirm initiated the civil case
docketed as S.P. No. 11-1-0549. The Motion to Confirm sought
relief under HRS §§ 658A-22 and 658A-25. Thus, notice of this
initiating motion was required to be served "in the manner
provided by law for the service of a summons in a civil action."
*See* HAW. REV. STAT. § 658A-5(b); *Asset Acceptance, LLC v. Johnson*,
268 P.3d 551, 555-56 (Okla. Civ. App. 2011) (treating petition
for confirmation of arbitration award as an application for
judicial review under analogous statute).

The Circuit Court did not rely on § 658A-5(b), but
instead treated this case "in terms of the regular practice that
had transpired under chapter 658[.]"[6] The Circuit Court erred
in doing so. Chapter 658 of the Hawaii Revised Statutes was

---

[6] Although UPW does not make the point itself, we note that the
Circuit Court looked at "certain comments" in the Revised Uniform Arbitration
Act ("RUAA") in deciding to handle service of process "in terms of the regular
practice" under HRS chapter 658. The Circuit Court apparently perceived the
filing of a complaint summons and the filing of a motion as the forms of
"practice" referred to in the commentary, and concluded that HRS § 658A-5 was
"not meant to supersede the practice that had been done previously."

The state legislature adopted the RUAA when drafting HRS § 658A in
2001. *See* Conf. Comm. Rep. No. 115, in 2001 House Journal, at 1093-94, 2001
Senate Journal, at 905. HRS § 658A-5 was derived from section 5 of the RUAA
("Section 5"). The commentary to Section 5 reads that the section "is not
intended to alter established practice in any particular State"; however, the
remainder of the commentary makes clear that the "practice" in question is
whether a motion, or a "petition or [] complaint", is utilized to initiate
arbitration actions. UNIF. ARBITRATION ACT (2000) § 5 cmt. 2, 7:1A U.L.A. 23
(2009). The commentary does not suggest that the service requirement does not
apply to whichever form is chosen.

repealed in 2001. 2001 Haw. Sess. Laws Act 265, § 5 at 820. "In the absence of clear legislative intent to the contrary, repeal means the statute or statutory provision no longer exists." *Kaiser Found. Health Plan, Inc. v. Dep't of Labor & Indus. Relations, Unemployment Ins. Div.*, 70 Haw. 72, 83, 762 P.2d 796, 802 (1988). Here, Chapter 658A was enacted to *replace* Chapter 658. 2001 Haw. Sess. Laws Act 265, §§ 1, 5 at 810-19, 820; *Trs. of Don Ho Revocable Living Trust v. Demattos*, 126 Hawai'i 179, 180, 268 P.3d 432, 433 (App. 2011) ("because HRS Chapter 658 was repealed and replaced by HRS Chapter 658A, we apply the statutory authority applicable to appeals under HRS Chapter 658A"). Thus, the procedures found in the long-replaced Chapter 658 cannot supersede the plain language of a statute found in Chapter 658A, which remains in effect.

HRCP Rule 4 and RCCH Rule 5 provide how a summons is to be served. Pursuant to HRS § 658A-5(b), these rules also govern how notice of the Motion to Confirm was to be served.

DHS does not dispute that it failed to comply with these rules but instead argues that UPW waived any objection to service in this case by accepting the same method of service in a previous case. Waiver, however, is "an intentional relinquishment of a known right, a voluntary relinquishment of rights, and the relinquishment or refusal to use a right." *Daiichi Hawai'i Real Estate Corp. v. Lichter*, 103 Hawai'i 325, 346 n.17, 82 P.3d 411, 432 n.17 (2003) (citing *Ass'n of Owners of Kukui Plaza v. Swinerton & Walberg Co.*, 68 Haw. 98, 108, 705 P.2d 28, 36 (1985)). "To constitute a waiver, there must have existed a right claimed to have been waived and the waiving party must have had knowledge, actual or constructive, of the existence of such a right at the time of the purported waiver." *Id.*, (citing *Honolulu Fed. Sav. & Loan Ass'n v. Pao*, 4 Haw. App. 478, 484, 668 P.2d 50, 54 (1983)). DHS presents no authority in support of its theory that a party's failure to object to the sufficiency of process in one prior case constitutes a waiver of its right to legally sufficient service of process in subsequent cases. Thus, we hold that the argument is without merit, and that DHS failed to properly serve notice of the Motion to Confirm as

required by law.[1]

    B.    The Circuit Court lacked personal jurisdiction over the Appellee.

UPW was not properly served with notice of the Motion to Confirm as required by HRCP Rule 4. Thus, the Circuit Court lacked personal jurisdiction over UPW.

"A judgment rendered in the absence of personal jurisdiction is void and must be set aside." *Id.* at 413, 922 P.2d at 1026 (quoting *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995)). Because the Circuit Court issued the Judgment against UPW without personal jurisdiction over UPW, the Judgment is void.

## V. Conclusion

The November 25, 2011 Order Granting Employer's Motion to Confirm Arbitrator Thomas E. Crowley's Arbitration Decision and Award Dated November 15, 2010, Filed on September 20, 2011; the November 25, 2011 Judgment; and the November 25, 2011 Notice of Entry of Judgment, are vacated, and the case remanded for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawaiʻi, June 16, 2014.

On the briefs:

Herbert R. Takahashi,
Rebecca L. Covert, and
Davina W. Lam
(Takahashi and Covert)
for Union-Appellant.

James E. Halvorson and
Jeffrey A. Keating,
Deputy Attorneys General,
for Employer-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

    [1]    To the credit of DHS and its counsel, we note that counsel offered at the hearing to perfect service by withdrawing the Motion to Confirm and re-serving the motion via summons.